UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ASHLEY LORRAINE CHAVEZ,

    Plaintiff,

v.                                                                                                    No. 22cv368-GJF

DONA ANA DISTRICT ATTORNEY'S
OFFICE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA
PAUPERIS AND ORDER FOR AMENDED COMPLAINT**

THIS MATTER comes before the Court on pro se Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [ECF 1], filed May 12, 2022 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 2], filed May 12, 2022 ("Application").

**I.    Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) her expected income next month is $1,989.00; (ii) her monthly expenses total $1,400.00; (iii) she has $100.00 in cash and $25.00 in a bank account; and (iv) her three children, ages 10, 11 and 13, rely on her for support. The Court grants Plaintiff's Application because she signed an affidavit declaring that she is unable to pay the costs of these proceedings, her monthly income only slightly exceeds her monthly expenses, and her three children rely on her for support.

## II. The Complaint

Plaintiff alleges the Dona Ana District Attorney's Office: (i) violated her rights as a victim; (ii) failed to keep Plaintiff safe through court proceedings; (iii) failed to notify Plaintiff of numerous hearings; (iv) failed to turn in key evidence and dismissed a case without notification; (v) acted with negligence; (vi) did not obey Plaintiff's dignity respect or sensitivity to Plaintiff's case; and (vii) did not provide the full impact of Plaintiff's case to the courts. *See* Complaint at 2.

Plaintiff identifies the following persons as being "involved:" (i) Anne Marie Swank, assistant attorney assigned to Plaintiff's case; (ii) Gerald Beyers, District Attorney; (iii) Heather Cosentino Chavez; (iv) Debbie Alviar, advocate; (v) Jennifer, victim advocate; (vi) Spencer

Wilson, Assistant District Attorney. *See* Complaint at 3. It is not clear if Plaintiff is asserting claims against these persons because Plaintiff does identify them as Defendants.

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 because the Complaint does not allege that any Defendant violated any of Plaintiff's rights secured by federal law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law"). Plaintiff cites N.M. Stat. Ann. § 31-26-4, Victim's rights as a basis for jurisdiction and her claims against Defendant. However, N.M. Stat. Ann. § 31-26-4 is a state law which secures certain rights for victims; it does not secure rights under federal law.

Plaintiff attached 44 pages of documents to her Complaint. The Court will not review documents attached to a complaint to determine whether Plaintiff could have stated a claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("the court will not construct arguments or theories for a pro se litigant").

### III. Proceeding *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ...

only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to file an amended complaint. The amended complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

## IV. Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be granted. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

## V. Conclusion

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 2] is **GRANTED**.

(2) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

4

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE