IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEY LORRAINE CHAVEZ,

      Plaintiff,

v.                                                        No. 2:22-cv-00368-WJ-GJF

DONA ANA DISTRICT ATTORNEY'S OFFICE,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed May 12, 2022. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

This case arises from the Dona Ana District Attorney's Office's prosecution of a criminal case in which Plaintiff was a victim. Plaintiff alleges the Dona Ana District Attorney's Office: (i) violated her rights as a victim; (ii) failed to keep Plaintiff safe through court proceedings; (iii) failed to notify Plaintiff of numerous hearings; (iv) failed to turn in key evidence and dismissed a case without notification; (v) acted with negligence; (vi) did not obey Plaintiff's dignity respect or sensitivity to Plaintiff's case; and (vii) did not provide the full impact of Plaintiff's case to the courts. *See* Complaint at 2. Plaintiff cited N.M. Stat. Ann. § 31-26-4, Victim's Rights, as a basis for jurisdiction and for her claims.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff that the Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 because the

Complaint does not allege that any Defendant violated any of Plaintiff's rights secured by federal law.  *See* Doc. 5, filed May 18, 2022 (noting that N.M. Stat. Ann. § 31-26-4 is a state law which secures certain rights for victims; it does not secure rights under federal law).  Judge Fouratt ordered Plaintiff to file an amended complaint.

Like Plaintiff's original Complaint, the Amended Complaint cites N.M. Stat. Ann. § 31-26-4, Victim's Rights, as a basis for jurisdiction and alleges Defendant violated the Victim's Rights statute by failing to keep her safe during court proceedings, failing to notify her of hearings, and failing to turn in key evidence.  *See* Amended Complaint at 2-3.  The only allegation that refers to a violation of a right secured by federal law states:

> Violation Of Civil Rights
>
> District Attorneys office failed to keep me safe along court proceedings. District Attorneys office failed to notify me of numerous hearings to where I had to Call and verify it my self. District Attorneys held a meeting to why the case was dismissed and they advised me that the fail to turn in key evidence they just apologized and said they can sympathize with me. District Attorneys office said they were unaware as to why the evidence was not turned over to the courts. NOVEMBER2O19-November 2021 As stated in brief summary I had endured numerous crimes done towards me from the same offender.

Amended Complaint at 3.  In her request for relief, Plaintiff seeks the District Attorney's Office's compliance with New Mexico's Victim's Rights statute and $1.5 million in damages.  *See* Amended Complaint at 5.

The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege the violation of a right secured by federal law.  Although the Amended Complaint states "Violation of Civil Rights," it does not identify the specific federal civil right that Plaintiff believes the Dona Ana District Attorney's Office violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The allegations that the Dona Ana District Attorney's Office failed to keep Plaintiff safe, failed to notify her of hearings and failed to turn in key evidence suggest a violation of New Mexico's Victim's Rights statute, but do not indicate that the Dona Ana District Attorney's Office violated a right secured by federal law. Furthermore, the Dona Ana District Attorney's Office is entitled to absolute immunity because the alleged actions of the Dona Ana District Attorney's Office clearly cast it in the role of an advocate initiating and presenting the government's case. *See Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007) ("a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case").

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

Having dismissed all of Plaintiff's claims pursuant to federal law, the Court declines to exercise jurisdiction over Plaintiff's state-law claims for violation of New Mexico's Victim's Right statute and dismisses this case without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ...the district court has dismissed all claims over which it has original jurisdiction").

The Court of Appeals for the Tenth Circuit has long held that "[i]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *George v. Newman*, 726 Fed.Appx. 699, 708 (10th Cir. 2018) (quoting *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010)). This Court is bound by and cannot disregard Tenth Circuit precedent. *See United*

*States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").  Consequently, the relief Plaintiff seeks for the alleged violations of New Mexico's Victim's Rights statute is not available in this United States District Court.  If Plaintiff desires to seek relief for violations of New Mexico's victim's rights, she must seek that relief in the appropriate New Mexico State District Court.  *See* N.M. Const. Art. 2, § 24 (providing the rights codified in New Mexico's Victim's Rights statute N.M. Stat. Ann. § 31-26-4); N.M. Stat. Ann. § 41-4A-3.B (effective July 1, 2021) ("A person who claims to have suffered a deprivation of any rights ... pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the scope of the authority of a public body may maintain an action to establish liability ... *in any New Mexico district court*") (emphasis added).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**